8            UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CHANDRA KISHOR,                          No.  2:19-cv-1556 TLN DB P

12                  Petitioner,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   UNKNOWN,

15                  Respondent.

16

17          Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 1999 conviction in the Sacramento

19   Superior Court.  Presently before the court is petitioner's motions to proceed in forma pauperis

20   (ECF Nos. 4, 8), his motion to correct respondents' names (ECF No. 9), and his petition for

21   screening (ECF No. 3).  For the reasons set forth below, the court will grant the motions to

22   proceed in forma pauperis, deny the motion to correct respondents' names as moot, and

23   recommend that this action be dismissed.

24                              **IN FORMA PAUPERIS**

25          Examination of the in forma pauperis application reveals that petitioner is unable to afford

26   the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See

27   28 U.S.C. § 1915(a).

28   ////

                                            1

**SCREENING REQUIREMENT**

**I.     Legal Standards – Screening**

The court is required to screen all actions brought by prisoners who seek any form of

relief, including habeas relief, from a governmental entity or officer or employee of a

governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a habeas petition or portion

thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis

on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  This means the court must

dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of

Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these

rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil

Procedure, when considering whether a petition presents a claim upon which habeas relief can be

granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S.

89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer

v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that

'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant

habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24

F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro

se habeas petitioners may not be held to the same technical standards as litigants represented by

counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled

to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual

inferences in the petitioner's favor.").

**II.     The Petition**

Petitioner seeks to challenge his 1999 conviction and sentence in the Sacramento Superior

Court.  (Id.)  Petitioner indicates that he pled guilty to robbery and attempted murder and was

sentenced to seven years-to-life.  (Id.)  The court's records reveal that petitioner previously filed

several petitions for writ of habeas corpus attacking the same conviction and sentence challenged in this case.[1]

Petitioner's first habeas petition was filed in this court in June 2003 and denied on the merits in 2007. See Kishor v. Attorney General of CA, No. 03-cv-1219 LKK CMK P, 2007 WL 2904237 (E.D. Cal. Oct. 3, 2007), findings and recommendations adopted, 2007 WL 4149327 (E.D. Cal. Nov. 19, 2007). The court notes that petitioner has previously challenged his underlying conviction on at least four other occasions: Case No. 2:06-cv-1592 GEB KJM; Case No. 2:08-cv-2028 FCD JFM; Case No. 2:10-cv-3171 LKK KJN; Case No. 2:11-cv-2148.

**III.    Analysis**

A second or successive application for habeas relief may not be filed in the district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2254(b), it lacks jurisdiction to consider the merits). "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)).

Petitioner is presently challenging his 1999 conviction he challenged in Kishor v. Attorney General of CA, No. 2:03-cv-1219 LKK CMK (P) (E.D. Cal.), which was denied on the merits. Before petitioner can proceed with the instant petition, he must move in, and obtain from, the Ninth Circuit Court of Appeals, an order authorizing the district court to consider the merits of his successive petition. See 28 U.S.C. § 2244(b)(3). Absent such authorization, the instant petition must be dismissed without prejudice. Id.

---

[1] A court may take judicial notice of its own records and the records of other courts. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

**MOTION TO CORRECT RESPONDENTS' NAMES**

Petitioner has moved to have the respondent's name changed from "unknown" to Warden Neuschmid, the California Department of Corrections and Rehabilitation (CDCR), and Governor Newsom. (ECF No. 9.) However, because the court has determined that the petition should be dismissed as successive, the court will deny the motion as moot.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1.    Petitioner's motions to proceed in forma pauperis (ECF Nos. 4, 8) are granted; and

2.    Petitioner's motion to correct respondents' names (ECF No. 9) is denied as moot.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice because it is premised on an unauthorized successive petition for writ of habeas corpus under 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The documents should be captions "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 21, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Habeas/kish1556.scrn